# Exhibit A

| | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| **Summons** | | **The Superior Court** |

| CASE NAME: | | John E. Powers III | Clerk of Courts |
|---|---|---|---|
| 3QNS LLC | | **Suffolk** | County |
| | Plaintiff(s) | COURT NAME & ADDRESS: | |
| vs. | | **Suffolk Superior Civil Court** | |
| CONTINTAL ASSURANCE Technologies, INC. | | **Three Pemberton Square** | |
| | | **Boston, MA. 02108** | |
| | Defendant(s) | | |

THIS SUMMONS IS DIRECTED TO _Cont. Assurance Technologies, Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court

                (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Michael D. Ricciuti___ , Chief Justice on _____ , 20____ . (Seal)

Clerk  _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

ER

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO:

| | |
|---|---|
| 32NS LLC | ) |
|     Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL AEROSPACE | ) |
| TECHNOLOGIES, INC. | ) |
|     Defendant | ) |

## COMPLAINT and JURY DEMAND

This is a civil action for damages sustained by Plaintiff, 32NS (herein "Plaintiff" or "32NS")

arising from Defendant Continental Aerospace Technologies (herein "Defendant" or

"Continental") unfair and deceptive acts in violations of G.L. Ch. 93A and other wrongful

conduct as set forth herein.

## PARTIES

1.     Plaintiff, 32NS LLC, is a limited liability company organized within the Commonwealth

of Massachusetts that owns and operates aircraft for rental, including a certain 2015 Cirrus SR20,

United States Federal Aviation Administration (herein "FAA") Registration Number N664JH

(herein the "Aircraft"). Plaintiff's principal place of business is 50 Liberty Drive, Unit 8D,

Boston, Massachusetts 02210.

2.     Defendant, Continental Aerospace Technologies, Inc., (herein "Defendant" or

"Continental") is an foreign corporation engaged in the sale, manufacturing, distribution,

1

repairing, and overhauling aircraft engines and the sale of related parts and services, including to

Massachusetts consumers and businesses, with its principal place of business at 2039 South

Broad Street, Mobile, Alabama, 36615.

## JURISDICTION AND VENUE

5.     Personal jurisdiction in this action is appropriate as to Continental, as the Court may

exercise personal jurisdiction over a person including a "corporation...or an other legal or

commercial entity, whether or not a citizen or domiciliary of this [C]ommonwealth and whether

of not organized under the laws of this [C]ommonwealth," pursuant to G.L. c. 223A, §1.

6.     Venue is proper under G.L. c. 223, § 1.

## FACTS COMMON TO ALL COUNTS

7.     At all times material hereto, Defendant was a manufacturer and/or distributor of aircraft

engines made available for sale to individual consumers and consumer business entities within

the Commonwealth of Massachusetts.

8.     On or about May 5, 2022, an oil leak was discovered in the Aircraft's engine, Continental

Engine IO360ES26B, Serial Number 1011412, by Plaintiff's aircraft technician, Falcon Air Inc.

(herein "Falcon").

9.     Upon further inspection by Falcon it was discovered that there was a missing nut and a

sheared engine case stud at the top of the engine due to manufacturing or design defects, and a

failure to adequately test the engine prior to placing it in the stream of commerce, or as a result

of other negligence and/or breach of warranty.

10.     Falcon immediately deemed the aircraft unsafe to fly due to the engine's compromised

condition.

2

111.    The FAA has promulgated guidance regarding aircraft engines in the form of Time

Between Overhaul (TBO) which is a recommended interval, expressed in hours of engine

operation, after which an engine should undergo a comprehensive overhaul to ensure safety and

reliability.

12.    This interval is established based on the manufacturer's assessment of the engine's

components, their anticipated wear and performance, and the overall design and intended usage

of the engine.

13.    TBO reflects the manufacturer's expectation of the engine's typical lifespan under normal

operating conditions before maintenance is necessary to prevent significant degradation or

failure.

14.    The manufacturer-recommended TBO for the Aircraft's engine is 2000 hours.

15.    At the time of the engine failure, the engine had accumulated only 870 hours, far below

the FAA-recommended TBO of 2,000 hours, thus failing at only 43.5% of its expected life.

16.    Falcon advised Plaintiff that a new or overhauled engine would be necessary to restore

the aircraft to safe, airworthy condition. Plaintiff was further informed that installing an

overhauled or new engine would reset the TBO to zero, potentially adding resale value to the

aircraft.

17.    Plaintiff contracted with Defendant for the purchase of an overhauled engine and paid

$58,747.07 for the overhauled engine and associated and required work, including new motor

mounts and, at the specific recommendation of Falcon, an overhauled propeller. The engine was

installed on December 1, 2022.

18.    On or about April 20, 2024, a similar oil leak appeared in the overhauled Continental engine, again discovered by Falcon.

19.    Again, upon further inspection by Falcon, it was discovered that there was a missing nut and a sheared engine case stud at the top of the engine due to manufacturing or design defects, and a failure to adequately test the engine prior to placing it in the stream of commerce, or as a result of other negligence and/or breach of warranty

20.    Falcon again deemed the aircraft unsafe to fly.

21.    The engine had only accumulated 210 hours, representing only 10.5% of its FAA-recommended lifespan.

22.    Falcon, at the request of Plaintiff, communicated with Defendant regarding this second engine failure and requested a new, not overhauled replacement engine. The failed engine was shipped to Defendant for inspection.

23.    Continental acknowledged the recurrence of the same defect as the original failure without identifying a cause, but refused the request for a new engine or an extended warranty on the current engine, and instead only offered a token contribution toward the repair of the defective engine.

24.    On or about July 23, 2024, Nai Nan Ko, Jr., (herein "Ko) Manager of Plaintiff 32NS LLC, met with Defendant's representative, Michael Yousik (herein "Yousik"), at EAA AirVenture Airshow, an aircraft industry event in Oshkosh, Wisconsin.

25.    Yousik informed Ko that Defendant could not determine the cause of the engine failure and refused to offer a new engine or warranty extension as requested by Plaintiff.

26.     At all relevant tines Defendant has claimed it has been unable to identify the cause of the engine's failure.

27.     Plaintiff subsequently discovered that the crankshaft from the original engine had been reused in the overhauled engine, potentially contributing to the second failure.

28.     On about August 1, 2024, Plaintiff served Defendant with a 30 day demand letter pursuant to G.L. Chapter 93A. (Attached herein as Exhibit A)

29.     Defendant never responded to that 30 day demand letter.

30.     As a result of the product failure, Plaintiff has, in addition to the loss of value for the engine and the diminution of value of the Aircraft, suffered lost rental income related to the Aircraft.

## COUNT I: BREACH OF CONTRACT

31.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32.     Plaintiff and Defendant entered into a contract for the sale of an overhauled engine to the Plaintiff, which Defendant represented to be safe, fit for use, and compliant with Defendant's own recommended TBO. Defendant was obligated to provide an engine free from defects.

33.     Plaintiff has substantially performed all of it obligations under the contract regarding consideration paid to Defendant.

34.     Defendant breached the contract where it failed to provide Plaintiff an engine that met the above-referenced standards.

35.     Defendant further breached the contract by failing to remedy the initial defect by replacing or fully repairing the defective engine, instead returning it to Plaintiff in an unreliable condition, which led to a second failure that rendered the aircraft un-airworthy.

36.     As a result of such breaches the Plaintiff has suffered and will continue to suffer damages, including but not limited to lost revenue, for which Defendant is liable to Plaintiff.

### COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38.     In addition to the express contractual provisions set forth in the contract, there is an implied covenant that the parties shall act in good faith, deal fairly with one another and not undertake efforts that would deprive the other of the benefits of the contract.

39.     At all times, Plaintiff acted in good faith and dealt fairly with Defendant in connection with their rights and obligations pursuant to the contract with Defendant.

40.     As set forth above, Defendant has failed to act in good faith and deal fairly with Plaintiff. As a result of such breaches the Plaintiff has suffered and will continue to suffer damages, including but not limited to lost revenue, for which for which Defendant is liable to Plaintiff.

### COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER G.L. c. 106 §2-314

41.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant is a merchant with respect to the sale of aircraft engines under the definition of G.L. c. 106 and as the manufacturer and distributor of the engine, provided an implied warranty

of merchantability to Plaintiff, ensuring that the engine would be fit for the ordinary purposes for which such goods are used.

43.    The engine failed at approximately 10.5% of its expected life and was defective and is clearly not of merchantable quality or fit for its intended purpose.

44.    By distributing the engine not of merchantable quality or fit for its intended purpose, Defendant is in breach of implied warranties under G.L. c. 106 §2-314.

45.    As a result of such breach the Plaintiff has suffered and will continue to suffer damages, including but not limited to lost revenue, for which for which Defendant is liable to Plaintiff.

## COUNT IV: UNJUST ENRICHMENT

46.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 45 as if fully set forth herein.

47.    Defendant has been unjustly enriched by retaining the payment for the overhauled engine without providing an engine that meets acceptable standards of safety and reliability.

48.    Allowing Defendant to retain Plaintiff's payment without delivering a functional engine would be inequitable, as it has caused Plaintiff substantial harm and deprived Plaintiff of the benefit of the bargain.

49.    Plaintiff is entitles to damages according to its proof at trial.

## COUNT V: NEGLIGENCE

50.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 49 as if fully set forth herein.

51.    The Defendant, as the manufacturer and distributor of the engine in Massachusetts, has a duty to exercise reasonable care in the design, manufacture, and sale/marketing of the product.

52.    Defendant breached its duty to excursive reasonable care by failing to adequately test the engine prior to placing it in the stream of commerce.

53.    AsB a result of Defendant's negligence, the defective engine failed and has caused Plaintiff substantial economic harm.

## COUNT VI: VIOLATION OF G.L. c. 93A

54.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 53 as if fully set forth herein.

55.    Pursuant to M.G.L. c. 93A, §2, the Massachusetts Attorney General is authorized to promulgate regulations defining unfair and deceptive trade practices.

56.    Pursuant to said authority, the Massachusetts Attorney General has promulgated 940 CMR §3.01, which includes in the regulatory definition "warranty" the implied warranties of merchantability and fitness for a particular purpose, and 940 CMR §3.08, which states that "[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under warranty," and 940 CMR, et seq.

57.    As such, Continental's breach of its implied warranty of merchantability to the Plaintiff constitutes a violation of M.G.L. c. 93A, §2, et seq.

58.    At all relevant times Plaintiff was a consumer-business engaged in trade or commerce as defined by G.L. c. 93A §11.

59.    At all relevant times, Defendant was engaged in the conduct of trade or commerce within the meaning of G.L. c. 93A, § 1 (a) and (b),

60.     Plaintiff has suffered a loss of money and property in an amount to be determined at trial as a result of Defendant's violations of G.L. c. 93A.

61.     On or about August 1, 2024, Plaintiff served a written demand for relief under G.L. c. 93A to Defendant. A copy of the demand is attached hereto as Exhibit "A".

62.     Despite being provided with a detailed written demand for settlement pursuant to G.L. c. 93A Defendant has nevertheless refused to make a reasonable and good faith offer to settle these claims and in fact has made no offer whatsoever.

63.     The ongoing unfair and deceptive acts and practices of Defendant has now forced Plaintiff to file suit, as Defendant has refused to tender any reasonable settlement offer.

64.     The above-described actions of Defendant, including but not limited to Defendant's knowledge and information related to the defect(s) at the time of sale of the engine, repeated refusal to honor their contractual obligations, breach of the implied covenant of good faith and fair dealing, and other breaches as outlined above, constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of G.L. c. 93A, § 2, and are therefore unlawful.

65.     Defendant's violations of G.L. c. 93A, § 2 were willful and/or knowing violations of said statute. Defendant is therefore liable, under G.L c. 93A, § 2, to Plaintiff in an amount equal to not less than twice and up to three times Plaintiff's damages by reason of their violations of G.L. c. 93A, § 2.

66.     Defendant's refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A.

WHEREFORE, Plaintiff respectfully requests that the Court:

i.     Enter judgment for Plaintiff on all counts of this Complaint;

ii.    Award monetary damages to Plaintiff in an amount to be determined at trial;

iii.   Award treble damages to Plaintiff for Defendant's violations of G.L. c. 93A;

iv.    Award Plaintiff its costs and attorney's fees in connection with this action;

v.     Award such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

                                    The Plaintiff,
                                    32NS LLC, by its Attorney,


                                    _____
                                    Steven L. Ostrovitz (567676)
                                    Ostrovitz Law Office
                                    25 Braintree Hill Office Park
                                    Suite 200
                                    Braintree, MA 02184
                                    508-861-7565 Telephone
                                    sostrovitz@ostrovitzlaw.com

November 22, 2024

Plaintiff reserves its right to file additional counts.

# EXHIBIT A

**Nai N. Ko, Jr.**
**50 Liberty Dr 8D**
**Boston, MA. 02210**
**Tel: 781-354-8079**

**August 1st, 2024**

**Continental Aerospace Technologies**
**C/O Mr. Michael Yousik**
**2039 South Broad Street**
**Mobile, Alabama 36615**

Dear Continental Aerospace Technologies,

Under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, I hereby make written demand for relief as outlined in that statute.

On or about May 5th, 2022, the following unfair or deceptive act occurred:

An oil leak was discovered in Continental Engine IO360ES26B S/N: 1011412. My aircraft mechanic, Falcon Air Inc. of Lawrence Municipal Airport, deemed the aircraft unsafe to fly. A picture provided by Falcon Air Inc appears to show a missing nut and a sheered engine case stud at the top the engine. The total time on the engine was 870 hours.

I was told by experts that the failure of this kind is "rare," and that a new engine or overhauled engine would be required to make the aircraft safe and airworthy again. I also have been told by Continental that a Continental Engine FAA TBO (FAA recommended time between overhaul) is 2000 hours. Thus, the engine had broke essentially 43% into its useful life.

I was told by Falcon Air that a new engine and or overhauled engine would reset the engine FAA TBO to zero, adding resale value to the aircraft.

I paid a total of $58,747.07 (Falcon Air invoices 11646, 11291, 11584) for an overhauled engine, recommended new motor mounts, overhauled propellor, and more as a result of this engine failure. The overhauled engine was installed and returned to service 12/1/2022.

On or about April 20th, 2024, a similar oil leak was discovered in the overhauled Continental Engine IO360ES26B S/N: 1011412. My aircraft mechanic, Falcon Air Inc. of Lawrence Municipal Airport, deemed the aircraft unsafe to fly. A picture provided by Falcon Air Inc appears to show a missing nut and a sheered engine case stud at the bottom of the engine. The total time on the engine was 210 hours.

The same failure occurred. But this time, it occurred only 10% into its useful life and 14 months since the last repair.

On April 25th, 2024, email correspondences sent between Falcon Air and Continental outline the second engine failure, "...now we have a very similar / the exact same failure of the same component." In a follow text between myself and Falcon Air, I request a new engine, which was denied by Continental. Continental suggests receiving the engine to determine the cause of the failure for a second time.

On July 23rd 2024, I spoke to Michael Yousik in person at the EAA AirVenture Airshow in Oshkosh WI. In front of peer witnesses, Michael Yousik proclaims that Continental Aerospace Technology is unable to determine the cause of the repeat failure and will not provide a new engine nor warranty extensions / guarantees against the repaired overhauled engine.

On July 24th, 2024, I spoke to Oliver Leber of Continental Aerospace Technologies at the EAA AirVenture Airshow in Oshkosh WI. of my concerns of confidence in this failed overhauled motor and the manufacturer's failure to understand the cause of the failure. He restates that he can find no fault on behalf of Continental Aerospace Technologies and suggest the failure can be installation error by Falcon Air Inc, an unbalanced prop, engine mounts, or pilot misuse of the engine – all of which I find to be outrageous, especially after an overhauled propellor was installed with new engine mounts.

On July 31st, 2024, I received notice in an emailed by Mark Scott that the engine has not yet been returned, all applications for a new engine are denied, and confirmation that neither Falcon Air Inc nor Continental Aerospace Technologies can account for the engine failure, yet they will repair the engine with existing parts.

A possible cause for the engine failure, the crank, has been reused from the original engine in the overhauled engine.

This unfair or deceptive act or practice to sell an overhauled engine with recycled parts that could be a cause of the original failure is, in my opinion, declared unlawful by Section 2 of Chapter 93A.

As a result of this unfair or deceptive act or practice, I suffered loss of money as follows:

Loss of aircraft lease-back income in the amount of: $147,500.00
Loss of hanger use 12 months: $7,500.00
Loss of insurance premium: $12,700.00

Therefore, I hereby demand the following relief: $167,700.00 and $58,747.07 for a completely new engine.

Chapter 93A gives you the opportunity to make a good-faith response to this letter within thirty (30) days. Your failure to do so could subject you to triple damages, attorney's fees, and costs if I decide to institute legal action.

Sincerely,

Nai Ko

Certified Mail: Michael Yousik
CC: EMAIL Oliver Leber, Michael Yousik, Mark Scott
CC: Attorney Steven L. Ostrovitz, Esq.



| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | **COUNTY** Suffolk Superior Court (Boston) |

| Plaintiff | 32NS LLC | Defendant: | Continental Aerospace Technologies, Inc. |
|---|---|---|---|
| ADDRESS: | 50 Liberty Drive, Unit 8D, Boston, Massachusetts 02210 | ADDRESS: | 2039 South Broad Street, Mobile, Alabama, 36615 |
| | | | |
| Plaintiff Attorney: | Steven L. Ostrovitz, Esq. | Defendant Attorney: | |
| ADDRESS: | Ostrovitz Law Office | ADDRESS: | |
| 25 Braintree Hill Office Park, Suite 200, Braintree, MA 02184 | | | |
| BBO: | 567676 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

                           Subtotal (1-5):    $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)    $400,000.00

                           TOTAL (A-F):    $400,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X _Steven L. Ostrovitz_ | Date: | November 22, 2024 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| _Steven L. Ostrovitz_ | Date: | November 22, 2024 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS

## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

† Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND ACCURATELY, THE CASE MAY BE DISMISSED.

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER 2484CV03074 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: 32NS LLC vs. Continental Aerospace Technologies, Inc. | | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
| Andrea Joy Campbell Consumer Protection Division One Ashburton Place Boston, MA 02108-1698 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 11/22/2024.

| DATE 11/25/2024 | CLERK OF COURTS John E. Powers III, Acting Clerk of Court |
|---|---|

Date/Time Printed:  11-25-2024 10:27:15

SCV089\ 02/2023

MH

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: 2484CV03074 D

32NS LLC,                      )
     Plaintiff          )
                 )
                 )
v.                             )
                 )
CONTINENTAL AEROSPACE          )
TECHNOLOGIES, INC.             )
     Defendant          )

**MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff 32NS LLC hereby moves for an order appointing Integrity Investigations LLC, or its employees or agents, special process server in the above-captioned action. The person to be appointed special process server is experienced in the service of process, is 18 years of age or older, and is not a party to this action.

                                  The Plaintiff,
                                  32NS LLC, by its Attorney,

12/23/24

*Allowed.*
*By the Court (Connolly, J.)*
*Attest: Paul Kennedy*
*Asst Clerk*

                                  Steven L. Ostrovitz (567676)
                                  Ostrovitz Law Office
                                  25 Braintree Hill Office Park
                                  Suite 200
                                  Braintree, MA 02184
                                  508-861-7565 Telephone
                                  sostrovitz@ostrovitzlaw.com

December 18, 2024

1